## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PETER C. TOSTO, THOMAS TELEGADES,
et al.,

      Plaintiffs,

v.

JOHN C. ZELAYA, et al.,

      Defendants,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS,

      Garnishee.

_____/

**CASE NO.   06-21213-CIV-LENARD**
**Magistrate Judge Garber**

## NON-PARTY INVESTORS TRUST ASSURANCE SPC'S
## MOTION TO DISSOLVE WRIT OF GARNISHMENT
## AND INCORPORATED MEMORANDUM OF LAW

Non-party, Investors Trust Assurance, SPC ("Investors Trust"),[1] by and through its undersigned attorneys and pursuant to § 77.07, Fla. Stat., moves this Court for entry of an Order Dissolving the Writ of Garnishment served on Garnishee, Deutsche Bank Trust Company Americas ("Deutsche Bank"), and as grounds therefor, states:

### I.  PROCEDURAL BACKGROUND

1.    On May 12, 2006, Plaintiff registered with this Court a foreign default judgment in the amount of $2,678,137.11 from the United States District Court for the Southern District of New York.  The default judgment is against John C. Zelaya ("Zelaya") and other defendants.  On September 15, 2009, Writs of Execution were issued against Zelaya and other defendants.

2.    Investors Trust is not a party to this case and Plaintiff does not have a judgment

---

[1]    Investors Trust Assurance SPC is the correct legal name of the account holder affected by the Writ of Garnishment and the funds set aside by Deutsche Bank.   Investors Trust Administration, LLC, the entity named in Deutsche Bank's Answer, has no accounts with Deutsche Bank.

against it.

3.      On October 16, 2009, a Writ of Garnishment was served on Deutsche Bank (the "Writ").  The Writ is intentionally vague and asks Deutsche Bank, among other things, "whether the garnishee knows of any other person, including, but not limited to . . . Investors Trust Administration, LLC . . . is indebted to Judgment Debtor, John C. Zelaya."  The Writ is silent as what relationship, if any, Investors Trust has to Zelaya.  A copy of the Writ of Garnishment is attached hereto as Exhibit "A."

4.      On November 4, 2009, Deutsche Bank served its Answer of Garnishee and Demand for Payment of Attorney's Fees (the "Answer").  Deutsche Bank's Answer does not mention the names of Zelaya or any other judgment debtors, much less indicate that any of those judgment debtors maintain an account with Deutsche Bank.

5.      Rather, due to the craftily worded Writ, which suggests an improper relationship between Zelaya and Investors Trust, Deutsche Bank disclosed that its "records reflect that an account in the name of Investors Trust Administration, LLC, located outside the State of Florida, may be subject to the Writ of Garnishment."[2]  Deutsche Bank also indicated that it "has set aside a sum sufficient to comply with the writ of garnishment."  A copy of Deutsche Bank's Answer is attached hereto as Exhibit "B."

6.      Based on the vagueness of the Writ, non-party Investors Trust has now had $2,678,137.11 of funds in its account with Deutsche Bank restricted, even though no judgment has been entered against it.  Deutsche Bank has no basis, and has not alleged any basis, to restrict these funds.

7.      Indeed, Plaintiff's Writ fails to allege, much less prove, that Investors Trust is

---

[2]  As stated above, Deutsche Bank improperly identified the name of the account holder as Investors Trust Administration, LLC.  The correct legal name of the account holder is Investors Trust Assurance SPC, a Cayman Islands company holding an insurance license regulated by the Cayman Islands Monetary Authority.

somehow the alter-ego or mere instrumentality of Zelaya or any of the other judgment debtors in this case, which is required for Plaintiff to garnish assets of Investors Trust.  Under these circumstances, the Writ of Garnishment must be dissolved.  *See* Fla. Stat. § 77.07(1).

8.     Moreover, the Court lacks jurisdiction over this particular garnishment as the garnished property is located outside the State of Florida.  As result, the Writ should be immediately dissolved.

<u>**MEMORANDUM OF LAW**</u>[3]

A.     **The Court Lacks Jurisdiction Over this Garnishment**

As an initial matter, this Court lacks jurisdiction over the garnishment.  Indeed, in its answer, Deutsche Bank identified Investors Trust's account as "located outside of the State of Florida." Exhibit B at 1.  The Florida garnishment statute, which must be strictly construed, does not have extraterritorial effect.  *See APR Energy, LLC v. Pakistan Power Resources, LLC.,* 2009 WL 425975 *1 (M.D. Fla. Feb. 20, 2009).

In other words, in order to obtain a judgment against the debtor's property, the court issuing the writ must have "jurisdiction over **both** the garnishee and any property which is held by the garnishee." *Id.* at *2 <u>quoting</u> 6 Am.Jur.2d. *Attachment and Garnishment*, § 19 (2008) (emphasis supplied).  Thus, even if this Court has jurisdiction over the garnishee (Deutsche Bank), this Court still lacks jurisdiction to enforce a garnishment of property located outside the State of Florida, as garnishment proceedings are considered to be "*quasi in rem.*" *Id.; see Payton v. Swanson*, 175 So. 2d 48 (Fla. 3d DCA 1965); *Gribbel v. Henderson*, 10 So. 2d 734, 739 (Fla.

---

[3] Plaintiff claims to be a Judgment Creditor of John Zelaya.  However, Zelaya, along with five companies, are judgment debtors in favor of Peter C. Tosto, Thomas Telegades, and five corporations.  Of these two persons and five entities, four of them are themselves judgment debtors in favor of the Securities and Exchange Commission for millions of dollars. As such, the assignment of their underlying judgment in favor of Zelaya/Capital International Judgment, LLC may very well be a fraudulent transfer intended to defraud the Securities and Exchange Commission.

1942) (holding that an essential element of a *quasi in rem* proceeding -- which is lacking in this case -- is "a res located within the territorial limits of the state in such a way that the state can, if it sees fit to do so, exercise absolute power to control and dispose of it.").  Accordingly, because this Court lacks jurisdiction over this garnishment, the Writ should be immediately dissolved.

**B.      The Writ Should be Dissolved**

The Writ of Garnishment at issue in this matter, although cleverly drafted to imply an improper relationship between Deutsche Bank's account holder, Investors Trust, and Zelaya, is intentionally vague and must be dissolved because there is no allegation or suggestion on the face of the Writ that Investors Trust is the alter ego or mere instrumentality of Zelaya.

Federal Rule of Civil Procedure 69 provides that "the procedure on execution, in proceedings supplementary to and in aid of execution . . . shall be in accordance with the practice and procedure of the state which the district court is held."  Fed. R. Civ. P. 69.  In Florida, the procedures for garnishment are governed by Chapter 77, Florida Statutes.  Section 77.06(1) allows plaintiffs to seek issuance of writs of garnishment that "shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control."

However, in accordance with the basic principle of garnishment that a plaintiff merely stands in the shoes of the judgment debtor, it is widely recognized and held that property which is not actually and in "good conscience" deemed to be owned by a judgment debtor may not be secured by the judgment creditor.  *Ginsburg v. Goldstein,* 404 So.2d 1098, 1099 (Fla. 3d DCA 1981) (citations omitted).  A judgment creditor is not entitled to garnish an account if the funds inside the account are owned by a non-debtor:

> Funds of defendant on deposit in a bank are subject to garnishment
> in the absence of special circumstances creating an exemption.

> However, the garnishing creditor can reach funds of the depositor
> only in cases where the depositor is the true owner thereof.

*Id.* (citations omitted).

Bank account funds *prima facie* belong to the person or entity in whose name the account stands.  *Id.*  That is because in garnishment "the equitable title to the property sought to be reached will prevail over the bare legal title, and is especially applicable to deposits of trust funds, and deposits by agents and public officers."  *Id.*  Thus, while Florida law permits a judgment creditor to use garnishment to retrieve the fruits of, for example, a fraudulent transfer, it is the garnishor's burden to prove that the funds really belong to the judgment debtor.  *National Car Rental Systems, Inc. v. Ryals Enterprises, Inc.*, 380 So.2d 529, 530 (Fla. 5th DCA 1980).  Otherwise, the judgment creditor must follow the procedures of Fla. Stat. § 56.29 (Proceedings Supplementary) and implead the third party into the proceedings to prove an alter ego relationship or fraudulent transfer.  Here, no such *prima facie* showing has been made, let alone alleged.

A motion to dissolve a writ of garnishment may be filed by the "defendant and any other person having an ownership interest in the property, as disclosed by garnishee's answer."  Fla. Stat. § 77.07(2).  A writ should be dissolved if a plaintiff fails to <u>prove</u> that any allegation in its writ is true.  *Id.*  Plaintiff's Writ of Garnishment goes well beyond the permissible scope of Florida's garnishment statutes to the extent it seeks to garnish debts due by Deutsche Bank not only to Zelaya, but also to various non-parties against which Plaintiff has no judgment.

In its Answer to the Writ of Garnishment, Deutsche Bank identified funds outside of the State of Florida belonging to Investors Trust and indicated that those funds "may be subject to the Writ of Garnishment."  However, neither Plaintiff nor Deutsche Bank has explained why money in accounts owned by Investors Trust constitutes Zelaya's property.  In fact,  Deutsche

Bank's answer goes on to boldly state that "[g]arnishee has no obligation to make, and has not made, a factual determination whether the property in its possession or control belongs to the Defendant, is subject to attachment in Florida. . . ."  Exhibit B at 2.  Deutsche Bank's failure to make <u>any</u> inquiry into the ownership of the funds and its blind reliance on the intentionally vague language of the Writ to cavalierly set aside millions of dollars is clearly inconsistent with its burden under Florida law.

While § 77.06(3) limits a garnishee's liability to a degree, its still requires Deutsche Bank to, at the very least, make a  "good faith" determination regarding whether it is indebted to Zelaya.  *See* Fla. Stat. §. 77.06(3) ("In any case where a garnishee <u>in good faith is in doubt</u> as to whether any indebtedness or property is required by law to be included in garnishee's answer or retained by it, the garnishee may include and retain the same . . .") (emphasis added).  The Writ, which fails to assert any connection between Zelaya and Investors Trust, gives no basis for Deutsche Bank to have a good faith doubt about whether the funds it retained belonged to Zelaya.  *See Ginsberg,* 404 So.2d at 1099 (for garnishment purposes, funds on deposit in a financial institution are presumed to belong to the person or entity named on the account); *National Car Rental Systems, Inc.*, 380 So.2d at 530 (garnishor has the burden of alleging and proving that the property to be garnished is the debtor's property).  Deutsche Bank's Answer fails in its entirety to explain any such connection, as well.  Florida law, however, clearly requires more.  Accordingly, because both the Writ and Answer fail to provide any good faith basis to freeze Investors Trust's funds, the Writ should be immediately dissolved.

In *Merrill Lynch & Co., Inc. v. Valat Int'l Holdings, Ltd.*, 987 So. 2d 703, 704 (Fla. 3d DCA 2008), the court vacated a judgment entered against a garnishee after the garnishee refused to garnish funds in the account of a non-party because the trial court had granted relief to the

plaintiff "that went beyond the scope of the allegations contained in the writs." In that case, the writ "did not suggest that [garnishee] held any accounts for any alter-ego of the named judgment debtors, and the writs did not allege that [garnishee] had knowledge" that a non-party and a judgment debtor "were one and the same." *Id.*

The same is true here. Although the Writ served on Deutsche Bank mentions Investors Trust by name (along with a litany of other entities), it does not contain any allegations that Investors Trust is an alter-ego or mere instrumentality of Zelaya, that Investors Trust and Zelaya are "one and the same" or that Deutsche Bank should have reason to believe Investors Trust and Zelaya are "one and the same." In fact, the Writ fails to allege <u>any</u> facts about a connection, if any, between Investors Trust and Zelaya or any other judgment debtor and Deutsche Bank's answer admits that it has not made any attempt to determine whether such a connection exists. Instead, Deutsche Bank simply froze the funds in the account and improperly placed the burden of proof on Investors Trust.[4] Freezing Investors Trust's funds in this manner is clearly not supported by Florida law. *See National Car Rental Systems, Inc.*, 380 So.2d at 530. Accordingly, the Writ of Garnishment should be dissolved, and Deutsche Bank should release its freeze on the millions of dollars inappropriately garnished.

### DEMAND FOR TRIAL BY JURY

In the event the Court believes that a factual issue as described above exists, Investors Trust is entitled to a trial by jury on this issue. *See* Fla. Stat. § 77.08; *Global Life and Accident Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 539 So. 2d 1192 (Fla. 1st DCA 1989) (holding that trial court's denial of a request for a jury trial despite the express right to same under section 77.08

---

[4] Indeed, the burden is on the Plaintiff, not Investors Trust (or Zelaya) to first allege, then prove, that Investors Trust "was organized or employed to mislead creditors or to work a fraud upon them" to pierce its corporate veil under an "alter-ego" theory. *See, e.g. Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984). As noted above, such allegations are completely lacking from the Writ of Garnishment, and Deutsche Bank's Answer confirms such absence.

constituted a "miscarriage of justice," and remanding case for further proceedings on writ of garnishment).

WHEREFORE, non-party, Investors Trust Assurance SPC, requests that this Court enter an Order dissolving the Writ of Garnishment as to Garnishee, Deutsche Bank Trust Company Americas.  In the alternative, Investors Trust Administration, LLC, requests that it be permitted to deposit $2,678,137.11 into the Court's registry and that Garnishee be ordered to release any restrictions on accounts owned by Investors Trust while the Court conducts a jury trial on all issues raised by this motion, and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted,

AKERMAN SENTERFITT
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Ft. Lauderdale, FL 33301
Telephone:  954-463-2700
Facsimile:  954-463-2224

By:  ____/s/ Jason S. Oletsky_____
JASON S. OLETSKY, ESQ.
Florida Bar No.:  0009301
Email:  jason.oletsky@akerman.com
MICHAEL I. GOLDBERG, ESQ.
Florida Bar No.:  886602
Email:  michael.goldberg@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day: (i) on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF; and (ii) on all other counsel identified on the attached Service List who are not authorized to receive electronically Notices of Electronic Filing by U.S. Mail.

_/s/  Jason S. Oletsky_____

## <u>SERVICE LIST</u>

**Marian Kennedy, Esq.**
*Counsel for Morgan Deutsche Bank*
Concepcion, Sexton & Martinez
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33155

**Richard C. Wolfe, Esq.**
**Lee A. Watson, Esq.**
*Counsel for Defendant/Judgment Debtor*
*John C. Zelaya and non Party Ana Zelaya*
100 SE Second Street
Suite 3500
Miami, FL 33131

**Hector Formoso-Murias, Esq.**
*Counsel for Judgment Creditors*
Hector Formoso-Murias, P.A.
One Unity Square
401 S.W. 27th Avenue
Miami, FL 33135