UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21213-CIV-LENARD/GARBER

PETER C. TOSTO, THOMAS
TELEGRADES, et al.,

      Plaintiffs,

v.

JOHN C. ZELAYA, et al.,

      Defendants.
_____/

## OMNIBUS ORDER

      THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received:

1. Defendant John C. Zelaya's Verified Motion to Dissolve Writ of Garnishment (re J.P. Morgan Chase, N.A. and Washington Mutual Bank) [**DE 71**];
2. Zelaya's Verified Motion to Dissolve Writ of Garnishment (re "Deutshe Bank, Trust Company Americas [sic]") [**DE 72**];
3. Zelaya's Verified Motion to Dissolve Writ of Garnishment (re Wachovia Bank, N.A.) [**DE 73**];
4. Zelaya's Amended and Corrected Verified Motion to Dissolve Writ of Garnishment (re Deutsche Bank Trust Company) [**DE 146**];
5. Zelaya's Motion to Stay [**DE 180**];
6. Non-party Global Distributors, Inc.'s Motion to Dissolve Writ of Garnishment (re Morgan Stanley Smith Barney) [**DE 126**];
7. Global's Renewed Motion to Dissolve Writ of Garnishment, to Set Aside Sufficient Funds to Satisfy Garnishee's Attorneys' Fees and Costs [**DE 330**];
8. Non-party Investors Trust Assurance, SPC's Motion to Dissolve Writ of Garnishment (re Deutsche Bank Trust Company Americas) [**DE 141**];
9. Investors' Renewed Motion to Dissolve Writ of Garnishment, to Set Aside Sufficient Funds to Satisfy Garnishee's Attorneys' Fees and Costs [**DE 324**];
10. Investors' Motion to Quash Plaintiff's Subpoena Duces Tecum or Alternatively, Motion for Protective Order [**DE 272**];
11. Non-parties Investors and Global's Motion to Quash Plaintiff's Subpoena Duces Tecum on Bimini Bay Resort & Marina, or, Alternatively, Motion for Protective Order [**DE 310**];
12. Investors and Global's Motion to Quash Plaintiff's Subpoena Duces Tecum on Cat Cay Yacht

        Club, Ltd., or, Alternatively, Motion for Protective Order [**DE 311**];
13. Investors and Global's Motion to Quash Plaintiff's Subpoena Duces Tecum on Mombach, Boyle & Hardin, P.A., or, Alternatively, Motion for Protective Order [**DE 312**];
14. Plaintiff Zelaya/Capital international Judgment, LLC's ("ZC") Motion for Proceedings Supplementary [**DE 190**];
15. ZC's Motion for Turnover Order Against Judgment Debtor John C. Zelaya for Partial Satisfaction of Final Judgment [**DE 196**];
16. ZC's Motion for Default in Garnishment Upon Confession by Default of Garnishee, Citigroup Global Markets, Inc. [**DE 242**]; and
17. Garnishee Morgan Stanley Smith Barney's Motion for Leave of Court to File the Amended and Corrected Answer [**DE 254**].

The Court has also received many concomitant Responses and Replies that were filed in association to the aforementioned Motions.

In February 2004, plaintiffs Peter C. Tosto, Thomas Telegades, Tellerstock, Inc., Investor Relations Inc., and Consolidated Asset Management, Inc. obtained a $2,678,137.11 judgment against John Zelaya and others in the U.S. District Court for the Southern District of New York. (DE 361.) The judgment was then assigned to Zelaya/Capital International Judgment, LLC ("ZC"). (Id.) In an effort to collect on the 2004 judgment, ZC executed several writs of garnishment on bank accounts owned by Zelaya or entities controlled by him. (Id.)

In the meantime, in January 2010, the Securities and Exchange Commission, in an attempt to collect on a judgment it had obtained against the plaintiffs in 2002, served Zelaya with a writ of garnishment which required Zelaya to withhold any property in which the plaintiffs had or might obtain an interest. (DE 297.) Zelaya was thereafter prohibited from transferring any property in which the plaintiffs had an interest. (Id.)

In light of the SEC's competing claim to an interest in the 2004 judgment, Zelaya filed a Motion for Leave to Deposit Funds in the Court Registry or, in the Alternative, for Leave to File Interpleader [DE 297]. Zelaya's motion for leave to deposit funds was granted pursuant to this Court's Order [DE 321], which was affirmed by the District Court's Order Denying Objections to

Magistrate Judge's Omnibus Order [D.E. 361]. Zelaya thereafter deposited the full amount of the New York judgment, plus accrued post-judgment interest, into the Court's registry on June 7, 2010. (See DE 323).

Zelaya's deposit into the Court's registry has now obviated the need for the writs associated with the above-listed motions to remain in place. The Court therefore directs the Clerk of the Court to dissolve the writs of garnishment associated with those motions: the Writ of Garnishment [DE 94] directed to Morgan Stanley Smith Barney, LLC; the Writ of Garnishment [DE 93] directed to Deutsche Bank Trust Company Americas; the Writ of Garnishment [DE 17] directed to Deutsche Bank Securities, Inc.; the Writ of Garnishment [DE 13] directed to Wachovia Bank, N.A.; and the Writ of Garnishment [DE 11] directed to J.P. Morgan Chase, N.A. The associated motions [DE 71, DE 72, DE 73, DE 126, and DE 141] and any corresponding renewed [DE 330, DE 324], or amended and corrected [DE 146], motions thereto are therefore DENIED as moot by reason of the Court's dissolution of the writs. Likewise, the deposit into the Court's registry has eliminated the need for the Court to consider the arguments raised in ZC's Motion for Default in Garnishment Upon Confession by Default of Garnishee, Citigroup Global Markets, Inc. [DE 242] and therefore that motion is DENIED as moot as well. Further, since the writ at issue in garnishee Morgan Stanley Smith Barney's Motion for Leave of Court to File the Amended and Corrected Answer [DE 254] is to be dissolved, this motion too is DENIED as moot.

Since Zelaya's deposit has rendered any further collection efforts by ZC unnecessary, ZC's Motion for Proceedings Supplementary [DE 190] and ZC's Motion for Turnover Order [DE 196] are also DENIED as moot. Similarly, the need for Zelaya's Motion to Stay [DE 180] and the need for the various motions to quash or for protective orders [DE 272, DE 310, DE 311, and DE 312], filed jointly by Investors and Global and by Investors singly, have also been averted and those motions are therefore DENIED as moot as well.

In summary, the Court hereby

ORDERS the following:

1. All seventeen of the motions listed above (DE 71, DE 72, DE 73, DE 126, DE 141, DE 146, DE 180, DE 190, DE 196, DE 242, DE 254, DE 272, DE 310, DE 311, DE 312, DE 324, and DE 330) are DENIED as moot.

2. The five Writs of Garnishment (DE 11, DE 13, DE 17, DE 93, and DE 94) associated with the aforementioned Motions to Dissolve are DISSOLVED.

3. Garnishees must file any motions for costs and expenses, including reasonable attorneys' fees, related to the garnishment proceedings associated with the above discussed motions within twenty (20) days of the entrance of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 20th day of September, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE