UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21213-CIV-LENARD/GARBER

PETER C. TOSTO, THOMAS
TELEGADES, et al.,

    Plaintiffs,

v.

JOHN C. ZELAYA, et al.,

    Defendants.
_____/

### ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE'S OMNIBUS ORDER (D.E. 364)

**THIS CAUSE** is before the Court on Plaintiff/Assignee Judgment Creditor Zelaya/Capital International Judgment, LLC's ("Judgment Creditor")[1] objections to Magistrate Judge Barry L. Garber's Omnibus Order ("Objections," D.E. 364), filed on October 7, 2010. Judgment Creditor objects to the Magistrate Judge's September 20, 2010, Omnibus Order ("Omnibus Order," D.E. 362). The Omnibus Order dissolved numerous outstanding writs of garnishment (D.E. 11, 13, 17, 93, 94) and denied as moot numerous pending motions to dissolve writs of garnishment and related motions (D.E. 71, 72, 73, 126, 141, 146, 180, 190, 196, 242, 254, 272, 310, 311, 312, 324, 330), in light of the Court's affirmation of the Magistrate Judge's Order permitting Defendant John C. Zelaya ("Zelaya")

---

[1] Judgment Creditor's counsel, Hector Formoso-Murias, admitted during the June 1, 2010, hearing that he is both the sole owner and counsel of record for Zelaya/Capital International Judgment, LLC.

to deposit funds with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure. (See D.E. 321, 361.) On October 25, 2010, Zelaya filed his response to the Objections ("Response," D.E. 369). Having reviewed the Omnibus Order, Objections, Response, the related pleadings, and the record, the Court finds as follows.

**I.    Background**

In April 2002, the Securities and Exchange Commission ("SEC") obtained a judgment against Plaintiffs Peter C. Tosto ("Tosto"),[2] Tellerstock, Inc. ("Tellerstock"), Investor Relations Inc. ("IRI"), and others in the amount of $3,757,127.66, plus $722,936.16 in prejudgment interest, in the U.S. District Court for the Southern District of New York. See SEC v. Peter C. Lybrand, f/k/a Peter C. Tosto, et al., Case No. 00-1387 (S.D.N.Y.) ("SEC Judgment").

In February 2004, Plaintiffs Tosto, Thomas Telegades ("Telegades"), Tellerstock, IRI, and Consolidated Asset Management, Inc. ("CAM") obtained a $2,678,137.11 judgment ("2004 Judgment") against Zelaya and others in the U.S. District Court for the Southern District of New York. On May 19, 2006, Plaintiffs registered the 2004 Judgment in this District. Judgment Creditor indicates that on May 16, 2009, the original Plaintiffs Tosto, Telegades, Tellerstock, IRI, and CAM sold and assigned the 2004 Judgment and a previous judgment to Judgment Creditor.[3] On September 14, 2009, Judgment Creditor appeared in

---

[2]    Tosto is now known as Peter C. Lybrand.

[3]    Although Judgment Creditor states the five original plaintiffs have no ownership interest in the judgments, he states:

2

this action and claimed entitlement to the 2004 Judgment based on the Plaintiffs' assignment.[4] In an effort to collect on the 2004 Judgment, Judgment Creditor subsequently executed numerous writs of garnishment on bank accounts owned by Zelaya or entities controlled by him.

On January 10, 2010, the SEC served Zelaya with a writ of garnishment in connection with its enforcement of the SEC Judgment against Tosto.  The writ requires Zelaya to "withhold and retain any property in [his] possession, custody or control in which [Tosto] has an interest at the time [the] Writ [was] served or in which [Tosto] may obtain an interest in the future."  (D.E. 297.)  On May 19, 2010, the SEC also served Zelaya with an Information Subpoena and Restraining Notice ("Restraining Notice") further warning Zelaya that he was

---

> The original plaintiffs have a contingent contractual right to receive a share of the Judgment Creditor's recovery pursuant to and subject to the terms and conditions of the Agreement for Sale and Assignment of the 2004 Judgment dated May 16, 2009 (the "Agreement") between Judgment Creditor Zelaya/Capital International Judgment, LLC and the original plaintiffs/assignors.  Upon receipt of the Collection Proceeds Property by the Judgment Creditor as the owner of the 2004 Judgment, any Recovery (as such herein is defined in the Agreement) after the deduction of costs and expenses shall be distributed in the following manner: Tosto is entitled to a 25% share; Telegades is entitled to a 25% share; and Zelaya/Capital International Judgment LLC retains a 50% share from which a 25% share will be paid to the law firm of Formoso-Murias, P.A. as a contingent attorney's fee and the remainder 25% is retained by the Judgment Creditor Zelaya/Capital International Judgment, LLC.

(D.E. 332 at 7 n.3.)  The assignment agreement also requires the consent of Tosto and other assignors before Judgment Creditor can accept less than a full settlement and provides that all rights in the 2004 Judgment revert back to Plaintiffs after a certain amount of time.  (D.E. 340 at 5 n.1; D.E. 317-1 at 12-27.)

[4]  The docket indicates no activity took place between the registration of judgment and Judgment Creditor's appearance on September 14, 2009.

prohibited from selling, transferring, or interfering with any property in which Tosto possessed an interest. (Id.) The SEC's writ and Restraining Notice seek approximately $6,000,000 owed by Tosto and warned Zelaya he faced contempt of court should he fail to comply.

On May 19, 2010, Zelaya filed a motion for leave to file interpleader or alternatively for leave to deposit funds in the Court's registry. (See D.E. 297.) Zelaya sought to deposit funds in the amount of the 2004 Judgment, plus post-judgment interest, in the Court's registry in light of the SEC's claim that it had an interest in the 2004 Judgment. On May 31, 2010, the SEC filed a motion to intervene in this action (D.E. 317), asserting that the assignment of the 2004 Judgment to Judgment Creditor may have been a fraudulent transfer in order to avoid the SEC Judgment.

At a hearing on June 1, 2010, the Magistrate Judge granted Zelaya's motion and allowed Zelaya to deposit the funds, including all accrued interest up to the date of deposit, with the Court's registry to be placed in an interest-bearing account, only to be released upon order of the Court. (See D.E. 335 at 12.) The next day, the Magistrate Judge issued his Order reflecting his decision to permit Zelaya to deposit the funds with the Court. On June 7, 2010, Zelaya deposited $2,892,250.82, representing the judgment amount of $2,678,137.11 plus post-judgment interest accrued up until June 8, 2010, with the Court.

On June 16, 2010, Judgment Creditor filed objections to the Magistrate Judge's Order permitting Zelaya to deposit funds with the Court. (See D.E. 332.) On September 3, 2010,

the Court denied Judgment Creditor's objections and affirmed the Magistrate Judge's ruling. (See D.E. 361.) On September 20, 2010, the Court issued its Omnibus Order dissolving the pending writs of garnishment and denying as moot the corresponding motions to dissolve the writs of garnishment and other related motions. (See D.E. 362.)

**II.     Judgment Creditor's Objections**

Judgment Creditor objects that the Omnibus Order is contrary to Florida law and clearly erroneous as it presumes Zelaya's debt has been fully satisfied as a result of his deposit with the Court registry. Judgment Creditor argues the Omnibus Order "is tantamount to the Court having issued a satisfaction of judgment." (Objections at 2.) Relying upon Florida Statutes §§ 55.01, 55.141, 56.29, 77.01, and 701.04, Judgment Creditor objects that since he has not yet been paid or received any of the judgment proceeds, Zelaya and the other Judgment Debtors continue to be fully liable for the judgment and responsible for its satisfaction. (Id. at 4.) Judgment Creditor further objects to the Magistrate Judge's determination that its motion for default judgment against garnishee Citigroup Global Markets, Inc. (D.E. 242) was moot and that any further collection efforts were unnecessary. (Id. at 5.) Finally, Judgment Creditor objects that the garnishees should not be able to petition the Court for attorney's fees and costs related to the now-dissolved writs of garnishment as no adjudication or final judgment in garnishment has been entered. (Id.) In essence, Judgment Creditor seeks to preserve the writs of garnishment in order to secure the judgment against Zelaya, "including all accrued post judgment interest and costs." (Id. at

5

11.)

Zelaya responds that the Omnibus Order was neither clearly erroneous nor contrary to Florida law. Zelaya contends that Florida Statutes § 701.04 applies only to the cancellation of mortgages and foreclosure liens and judgments. (Response at 6.) Zelaya further contends that Florida Statutes § 55.141 is also irrelevant and inapplicable as it merely permits the satisfaction of any "judgment lien" upon satisfaction of judgment. (Id.) Rather, Zelaya argues that Florida Statutes §§ 77.01, et seq., are the only relevant Florida statutes cited by Judgment Creditor. (Id. at 6-7.) Nevertheless, Zelaya argues that Judgment Creditor's ability to collect the judgment is now fully secured and there is no basis for continuing to freeze and garnish additional assets. Zelaya contends that Judgment Creditor is attempting to reargue the issue of whether the Court should have permitted Zelaya to deposit funds with the Court's registry.

### III.   Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), this Court reviews the Magistrate Judge's Omnibus Order to determine whether it is "clearly erroneous or contrary to law." See In re Commr's Subpoenas, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003). Findings of fact "are 'clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002) (citing Univ. of

6

Georgia Athletic Ass'n v. Laite, 756 F.2d 1535 (11th Cir. 1985)). A review of the Magistrate Judge's application of the law is de novo, as the "application of an improper legal standard . . . is never within a court's discretion." Id. (internal citation omitted).

### IV.  Discussion

The Court finds the Magistrate Judge did not clearly err in dissolving the outstanding writs of garnishment and denying as moot the related pending motions. Judgment Creditor attempts to re-litigate the propriety of allowing Zelaya to deposit funds with the Court's registry. However, that decision has already been litigated and affirmed by this Court. There is simply no need for additional funds and property to be garnished and frozen pending the Magistrate Judge's determination of whether the SEC should be allowed to intervene. Additionally, Judgment Creditor does not articulate how he could be prejudiced by the dissolution of the writs other than the fact that he intends to seek post-judgment attorney's fees and costs and he wishes to secure them accordingly. Nevertheless, Judgment Creditor does not point to any case law or provide any basis for preserving a writ of garnishment pertaining to the outstanding judgment in securing a post-judgment award of attorney's fees or costs that is at this point speculative and premature. With regard to Judgment Creditor's argument that the Omnibus Order violates a multitude of Florida statutes, the Court notes that the vast majority of the statutes cited are inapplicable, irrelevant, or have no bearing on the issues at hand. Chapter 77 of the Florida Statutes sets forth the governing Florida law pertaining to garnishment and Judgment Creditor fails to demonstrate the Magistrate Judge's decision is contrary to any of its provisions. Finally, Judgment Creditor's contention that any

7

garnishee's motion for attorney's fees or costs is premature in light of the fact that no final judgment in garnishment has issued can be addressed as part of any such motion. Thus, the Omnibus Order is neither clearly erroneous nor contrary to Florida law. Accordingly, consistent with this Order, it is hereby **ORDERED AND ADJUDGED** that the Magistrate Judge's September 20, 2010, Omnibus Order (D.E. 362) is **AFFIRMED** and Judgment Creditor's Objections to the Omnibus Order (D.E. 364) are **DENIED**.

  **DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of November, 2010.

                 _/s/ Joan A. Lenard_
                 **JOAN A. LENARD**
                 **UNITED STATES DISTRICT JUDGE**