UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  06-21213-CIV-LENARD/GARBER

PETER C. TOSTO, THOMAS TELEGADES,
et al.,

       Plaintiffs,

v.

JOHN C. ZELAYA, et al.,

       Defendants.
_____/

### DEFENDANT JOHN ZELAYA'S MOTION
### FOR EXECUTION OF SATISFACTION OF JUDGMENT

Defendant John C. Zelaya ("Zelaya"), pursuant to Fed. R. Civ. P. 60(b)(5) and 69(a), hereby files this motion for the issuance of a satisfaction of judgment by either: (1) the Plaintiff/Assignee and the Plaintiffs/Judgment Creditors, or (2) the Court.  In support of this Motion, Zelaya states:

**I.     INTRODUCTION**

1.     On February 24, 2004, the United States District Court for the Southern District of New York entered a judgment in the amount of $2,678,137.11 (including prejudgment interest, attorney's fees and costs) against Zelaya and others in favor of Plaintiffs Peter C. Tosto, Thomas Telegades, Tellerstock Inc., Investor Relations Inc. and Consolidated Asset Management, Inc. (the "2004 Judgment").

2.     On May 19, 2006, the Plaintiffs/Judgment Creditors registered the 2004 Judgment here in the Southern District of Florida.

3.     Nearly 3 ½ years later, Zelaya/Capital International Judgment, LLC ZC ("ZC") filed its appearance in this matter, and asserted that the Plaintiffs/Judgment Creditors had assigned all of their rights, title and ownership in the 2004 Judgment to ZC.

4. ZC subsequently caused numerous writs of garnishment to be issued, not only on Zelaya, but on numerous companies on the theory that Zelaya was the "alter ego" of these companies.

5. On May 19, 2010, Zelaya filed a motion seeking leave to deposit the full judgment amount owed under the 2004 Judgment into the Court Registry, or alternatively to file an interpleader because the funds were subject to competing claims between ZC and the United States Securities and Exchange Commission (the "SEC"). [D.E. 297] Specifically, the SEC, which has moved to intervene in these proceedings, asserts that it is owed in excess of $5 million from three (3) of the five (5) Plaintiffs/Judgment Creditors as part of a final judgment in the matter styled *United States Securities and Exchange Commission v. Tosto*, Case No. 00-cv-1387-SHB-HBP (U.S. District Court, Southern District of New York).[1]

6. On June 2, 2010, Magistrate Judge Garber granted Zelaya's Motion for Leave to Deposit (the "Omnibus Order"). [D.E. 321]

7. On June 7, 2010, pursuant to the Omnibus Order, Zelaya deposited $2,892,250.82 (*i.e.*, the full amount of the 2004 Judgment plus all accrued post-judgment interest), without condition, into the Court Registry. [D.E. 323]

8. On June 16, 2010, ZC filed Objections to the Omnibus Order. [D.E. 332] On September 3, 2010, the District Court denied ZC's objections and affirmed the Omnibus Order. [D.E. 361] In its Order, the Court stated that "under Florida law Zelaya may be entitled to satisfaction of judgment upon payment of the funds out of the Court's registry, aside from any claims for post-judgment attorney's fees and costs," but also noted that the Omnibus Order had

---

[1] The SEC previously served Zelaya with a writ of garnishment and a Restraining Notice in connection with its enforcement of that judgment.

not specifically determined whether Zelaya was entitled to a satisfaction of judgment. *Id.* at 9 and n.6.

9. On September 20, 2010, Magistrate Judge Garber entered an Order dissolving ZC's outstanding writs of garnishment, including those affecting Zelaya's alleged "alter ego" companies, because "Zelaya's deposit into the Court's registry has now obviated the need for the writs." [D.E. 362 at 3] In addition, the September 20th Order denied ZC's Motion for Proceedings Supplementary [D.E. 190] and ZC's Motion for Turnover Order [D.E. 196], as Zelaya's deposit rendered any further collection efforts by ZC unnecessary. *Id.*

10. On October 7, 2010, ZC filed its Objections to the September 20th Order. On November 30, 2010, the District Court denied ZC's Objections and affirmed the September 20th Order. [D.E. 387]

11. The proceeding against Zelaya relating to the 2004 Judgment is now over (subject only to ZC's potential right to seek post-judgment amounts such as attorneys' fees or costs), and Zelaya became entitled to a satisfaction of judgment upon the July 7th deposit of funds. To date, however, ZC has not issued a satisfaction of judgment to Zelaya. Zelaya therefore respectfully requests that the Court issue an Order requiring either (1) ZC to provide a satisfaction of judgment, or (2) the Clerk of Court to issue a satisfaction of judgment.

## II. MEMORANDUM OF LAW

### A. Zelaya's Payment of the Full Judgment Amount Into the Court Registry Entitles Him to Satisfaction of Judgment.

By making the deposit into the Court Registry, Zelaya has fully paid and is entitled to satisfaction of the 2004 Judgment. Under Florida law, Zelaya is entitled to receive a satisfaction of judgment from ZC, *cf., Edrisi v. Sarnoff*, 715 So.2d 1124, 1126 (Fla. 3d DCA 1998), even though ZC may assert a clam for post-judgment amounts (*e.g.*, attorneys' fees,

costs) as they are not part of the 2004 Judgment itself. *Id.*; *Finkelstein v. North Broward Hospital Dist.*, 484 So.2d 1241 (Fla. 1986); *Bee Bee Medical Center v. Strategic Consulting and Managing, Inc.*, 677 So.2d 84 (Fla. 2d DCA 1996). Zelaya's satisfaction of the 2004 Judgment does not affect the Court's ability to determine ZC's entitlement, if any, to those post-judgment claims.[2]

Moreover, Zelaya is entitled to a satisfaction of judgment even though the funds satisfying the 2004 Judgment will not be released from the Court Registry until the Court resolves the question of entitlement between ZC and the SEC. *U.S. Overseas Airlines, Inc. v. Compania Aerea Viajes Expresos de Venezuela, S.A.*, 161 F. Supp. 513 (S.D.N.Y. 1958).

In *U.S. Overseas Airlines*, the judgment debtors were ready and able to pay the judgment amount, but were unsure who to pay because of conflicting claims between the judgment creditors and the judgment creditors' creditors. This is the same situation that Zelaya found himself in with respect to the competing claims of ZC and the SEC. The court in *U.S. Overseas Airlines* concluded that the judgment debtors "should be permitted to pay the amount of the judgment into the court and to have the Clerk enter a satisfaction of judgment." 161 F. Supp. at 515. The court further noted:

> By authorizing the amount of the judgment to be deposited into court, the Court does not thereby prejudice or prefer any claimant to the fund represented by the deposit. Whatever rights any such claimant or the judgment creditors may have are preserved intact, unaffected by the circumstances that the judgment is now represented by money *in custodia legis*. As custodian, the Clerk of Court acts only as a stakeholder.

*Id.* at 516.

---

[2] Although payment of a judgment may not result in issuance of a satisfaction if the judgment reserves on its face undetermined costs and fees, *see, Vick v. Vick*, 993 So. 2d 1135 (Fla. 5th DCA 2008), no such reservation exists here.

To be clear, entry of the satisfaction of judgment will not affect the Court's ability to resolve the competing claims of ZC and the SEC or the Court's ability to determine ZC's entitlement, if any, to post-judgment fees and costs. ZC has no justifiable basis for withholding satisfaction of judgment from Zelaya.[3] While ZC now faces a dispute between itself and the SEC over entitlement to the funds in the Court Registry, Zelaya, like the judgment debtor in *U.S. Overseas Airlines,* neither has an interest in the outcome of that dispute nor should he be penalized during its pendency.

Zelaya therefore respectfully requests that the Court order ZC to provide Zelaya with a satisfaction of judgment. Alternatively, as discussed below, the Court itself can issue a satisfaction of judgment pursuant to either Federal Rule of Civil Procedure 60 or 69.

B. Satisfaction of Judgment Can Issue Pursuant to Federal Rule 60

Federal Rule of Civil Procedure 60 provides in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (5) the judgment has been satisfied, released or discharged; …

By its express terms, Rule 60(b)(5) "allows the district court to relieve a party from a final judgment if the judgment has been satisfied." *Newhouse v. McCormick & Co., Inc.,* 157 F.3d 582, 584(8th Cir. 1998). Rule 60(b)(5) encompasses the multitude of situations where a judgment creditor refuses to deliver satisfaction of a judgment. *E.g., Zamani v. Carnes,* 491

---

[3] In a prior post-judgment collection proceeding against Zelaya, Mr. Formosa-Murias (ZC's owner and counsel in this proceeding) refused to issue a satisfaction of judgment after Zelaya tendered full payment. Zelaya was forced to seek judicial relief, and Magistrate Judge O'Sullivan rejected Mr. Formoso-Murias's arguments that satisfaction could not issue until after the Court had resolved post-judgment claims for fees and costs. *See* pages 4-9 of Exhibit C to Zelaya's Motion for Leave to Deposit Funds in the Court Registry [D.E. 297] (Exhibit C is a copy of an Omnibus Report and Recommendation filed in *Zelaya v. Bartholomai,* Case No. 02-2252-CIV-Graham/O'Sullivan.)

F.3d 990, 995 (9th Cir. 2007) (rule "generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgement of satisfaction has been delivered due to an ongoing dispute over the judgment amount."); *Commodore v. Calvert Cty. Bd. of Cty. Commissioners*, 2010 WL 2765287 (D. Md. 2010) (granting motion for entry of order of satisfaction where incarcerated judgment creditor did not respond to judgment debtor's attempts to satisfy judgment); *Zenor v. United States*, 2009 WL 1390812 (S.D. Cal. 2009) (granting motion for entry of satisfaction of judgment where judgment creditor refused to respond to proposed satisfaction provided by judgment debtor); *Steinweden v. L&M Construction LLP*, 2009 WL 361735 (D. Mont. 2009) (granting motion for entry of satisfaction of judgment where judgment creditor refused to issue satisfaction of judgment because debtor did not include post-judgment attorneys' fees in payment of underlying judgment).

Here, Zelaya has paid the 2004 Judgment in full, yet ZC refuses to issue a satisfaction of judgment. This is precisely the situation contemplated by Fed. R. Civ. P. 60(b)(5), and attached as Exhibit B is a proposed form for satisfaction of the 2004 Judgment if the Court were to proceed under Rule 60(b)(5).

C. <u>Satisfaction of Judgment Can Issue Pursuant to Federal Rule 69</u>

Federal Rule of Civil Procedure 69 also authorizes this Court to issue a satisfaction of judgment. Rule 69 provides in pertinent part:

> **(a) In General.**
> **(1) *Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located but a federal statute governs to the extent it applies.

Section 55.141(1), Fla. Stat. (2009), authorizes a judgment debtor to satisfy the judgment at any time prior to actual levy of execution by paying the judgment amount into the court

registry. Upon payment of the judgment amount, §55.141(2), Fla. Stat. (2009), requires the clerk to execute a satisfaction of judgment, and expressly provides that "any lien created by the judgment is satisfied and discharged." Moreover, as payment into the registry satisfies the judgment, there is no requirement that the judgment creditor consent to execution of the satisfaction of judgment. *See, e.g., Weaver v. Stone*, 212 So.2d 80 (Fla. 4th DCA 1968) *and Gerardi v. Carlisle*, 232 So.2d 36 (Fla. 1st DCA 1969).[5]

Section 55.141(3), Fla. Stat., provides that a "satisfaction of judgment executed by the clerk must be substantially in" the form provided by that statutory subsection. For example, if a judgment creditor has filed an affidavit pursuant to § 55.10(1), Fla. Stat., that lists the creditor's address, the clerk's form must list the judgment creditor's address and send a copy of the executed satisfaction to the creditor at that address via certified mail with return receipt requested. Section 55.141(4) provides that if an address has not been provided under § 55.10(1) "or if delivery cannot be effected to such address, the clerk may, but is not obligated to make reasonable attempts to locate the judgment holder."

In this case, the original Plaintiffs/Judgment Creditors filed an affidavit pursuant to § 55.10(1), Fla. Stat., in 2006 when they registered the 2004 Judgment here in Florida. *See* Exhibit A. While Zelaya has not located an affidavit filed by ZC pursuant to § 55.10(1), Fla. Stat., the record in this case establishes: (1) ZC's only role in this case is as the putative assignee of the original Plaintiffs/Judgment Creditors, and (2) Hector Formoso-Murias is not only ZC's counsel, but also its 100% owner. Thus, service on ZC would adequately ensure notice to both ZC and the original Plaintiffs/Judgment Creditors.

---

[5] Although irrelevant to the matters in this case, the courts in *Weaver* and *Gerardi* disagreed on whether a tortfeasor's unilateral payment into the court registry of the judgment amount against him discharged his joint tortfeasors from liability in subsequent suits.

Taking all of this into account, Exhibit C is a proposed form for satisfaction of judgment pursuant to § 55.141, Fla. Stat., and indicating service on ZC by the Clerk, via the CM/ECF system. As an alternative, Exhibit D is a proposed form for satisfaction of judgment pursuant to § 55.141, Fla. Stat., that lists the addresses of each Plaintiff/Judgment Creditor (based on their § 55.10(1), Fla. Stat., affidavit) and ZC's address (c/o Mr. Formoso-Murias), and indicates service by the Clerk using certified mail with return receipt. If the Court were to issue a satisfaction of judgment pursuant to § 55.141, Fla. Stat., and conclude that Exhibit D is the preferred form to do so, Zelaya will either pay or reimburse the Clerk's costs of mailing via certified mail with return receipt requested.

**WHEREFORE**, Defendant John Zelaya respectfully requests entry of an Order that either: (1) directs ZC to execute and deliver a satisfaction of judgment for the 2004 Judgment, or (2) issues the satisfaction of judgment pursuant to Fed. R. Civ. P. 60 and/or 69.

### III.   CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1, the undersigned hereby certifies that he has conferred with opposing counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully Submitted,

COLSON HICKS EIDSON
Co-Counsel for Defendants
255 Aragon Avenue
Second Floor
Coral Gables, Florida, 33134
(305) 476-7400 Telephone
(305) 476-7444 Facsimile

By: /s/ Paul C. Huck, Jr.,
Paul C. Huck, Jr.,
Florida Bar No. 0968358
paul@colson.com

CASE NO. 06-21213-CIV-LENARD/GARBER

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of December, 2010, I filed the foregoing document electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Paul C. Huck, Jr.

CASE NO. 06-21213-CIV-LENARD/GARBER

## SERVICE LIST

Hector Formoso-Murias, Esq.
*Hector Formoso-Murias, P.A.*
One Unity Square
401 S.W. 27th Avenue
Miami, Florida 33135
*Counsel for Plaintiff/Assignee,*
*Zelaya/Capital International Judgment, LLC*

Richard C. Wolfe, Esq.
*Ehrenstein Charbonneau Calderin*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
*Counsel for Defendant, John C. Zelaya*
*Third Party Claimant, Ana M. Zelaya and*
*Structured Products Consultants, Inc.*

Jason S. Oletsky, Esq.
Michael I. Goldberg, Esq.
*Akerman Senterfitt*
Las Olas Center II, Suite 1600
350 East Las Olas Blvd.
Fort Lauderdale, Florida 33301
*Counsel for Third Party Claimants,*
*Global Distributors, Inc., and*
*Investors Trust Assurance, SPC*

Patricia Morales Christiansen, Esq.
*Casey Ciklin Lubitz Martens & O'Connell*
515 North Flagler Drive, 19th Floor
West Palm Beach, Florida 33401
*Counsel for Garnishees,*
*Morgan Stanley Smith Barney, LLC and*
*Citigroup Global Markets, Inc.*

Marian Kennady, Esq.
Nelson C. Bellido, Esq.
Philippe Zimmerman, Esq.
*Concepcion Sexton & Martinez*
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33155
*Counsel for Garnishees, Deutsche Bank*
*Trust Co. Americas, Deutsche Bank Securities, Inc., and DB Private Wealth Mortgage Ltd.,*
*Inc.*

CASE NO. 06-21213-CIV-LENARD/GARBER

Matthew L. Jones, Esq.
*Jones & Adams, P.A.*
9155 South Dadeland Blvd.
Suite 1506
Miami, Florida 33156
*Counsel for Non-Party,*
*Adams Gallinar, P.A.*

John B. Kent, Esq.
Marks Gray, P.A.
P.O. Box 447
Jacksonville, Florida 32201
*Counsel for Garnishee,*
*Wachovia Bank, N.A.*

Maxine M. Long, Esq.
*Shutts & Bowen, LLP*
1500 Miami Center
201 South Biscayne Blvd.
Miami, Florida 33131
*Counsel for Garnishee,*
*Washington Mutual Bank*

Louis M. Ursini, III
*Adams and Reese, LLP*
1515 Ringling Blvd., Suite 700
Sarasota, Florida 34236
*Counsel for Garnishee,*
*Citibank, N.A.*

Marsha C. Massey, Esq.
*United States Securities*
*And Exchange Commission*
100 F Street, N.E., Mail Stop 6030
Washington, DC 20549-6030
*Counsel for U.S. SEC*

Colson Hicks Eidson
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444