UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21213-CIV-LENARD/GARBER

PETER C. TOSTO, THOMAS
TELEGRADES, et al.,

    Plaintiffs,

v.

JOHN C. ZELAYA, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court by Order of Reference from United States District Judge Joan A. Lenard. Pursuant to such reference, the Court has received the United States Securities and Exchange Commission's Motion to Intervene as a Matter of Right [DE 317]; the plaintiff judgment creditor Zelaya/Capital International Judgment, LLC's Response [DE 326]; and the SEC's Reply [DE 334]. The Court held a hearing on the matter on July 20, 2010, after which the SEC submitted a Supplemental Memorandum Concerning Registration of Its Judgment [DE 355] to which Zelaya/Capital responded [DE 356] and the SEC replied [DE 357]. Zelaya/Capital has also separately filed exhibits [DE 360] to support its opposition to the SEC's intervention. Having considered these filings and the record in this matter, the Court hereby GRANTS the SEC's motion for the reasons set forth below.

1.   **Brief Background**:

In 2002, in the Southern District of New York, the SEC obtained a joint and several judgment against Peter C. Lybrand (a.k.a. Peter C. Tosto), Investor Relations, Inc., Tellerstock, Inc. and others

for $4,480,063.82, including prejudgment interest, and an individual penalty judgment against only Tosto in the amount of $1,000,000. (DE 317 at 1). To date, all but $1,482.54 of the SEC's judgment remains unsatisfied. (Id. at 2). Two years later, in 2004, also in the Southern District of New York, the aforementioned defendants in the SEC case (Tosto, Investor Relations, and Tellerstock) in addition to some other parties (Thomas Telegades and Consolidated Asset Management, Inc.) obtained a judgment in the amount of $2,678,137.11 against John Zelaya and others and it is this judgment that is the subject of the pending collection proceedings before this Court. (Id.) That $2,678,137.11 judgment was registered in the Southern District of Florida on May 12, 2006, (DE 1), and has since been assigned, perhaps fraudulently according to the SEC, by the original five plaintiffs, Tosto, Investor Relations, Tellerstock, Telegades, and Consolidated, to a new entity, Zelaya/Capital International Judgment, LLC, (DE 317 at 2). This new entity appeared in the instant matter on September 14, 2009, (DE 2), and subsequently executed numerous writs of garnishment on bank accounts and entities alleged to be owned or controlled by John Zelaya, (e.g., DE 11 through DE 21).

On January 10, 2010, after it became aware that Tosto held a 25% interest in Zelaya/Capital's recovery, minus costs and expenses, at least according to the terms of the assignment to Zelaya/Capital, the SEC served John Zelaya (as well as Zelaya/Capital) with a writ of garnishment in connection with its enforcement of the penalty portion of its 2002 judgment against Tosto. (DE 299 at 19-36). The writ, issued by the United States District Court of the Southern District of New York, directed John Zelaya to "withhold and retain any property in [his] possession, custody or control in which [Tosto] has an interest . . . or in which [Tosto] may obtain an interest in the future." (Id. at 20). In the event that Tosto's recovery in this collection proceeding ultimately exceeds the penalty assessed against him, the SEC also served John Zelaya, on May 19, 2010, with an Information Subpoena and Restraining Notice pertaining to the disgorgement and prejudgment interest portion

of the SEC's 2002 judgment.[1] (DE 317 at 3; DE 299 at 37-47). This restraining notice further warns that any property in which Tosto has an interest must not be sold, transferred, or interfered with. (DE 299 at 2-3).

Caught between the competing claims of the SEC and Zelaya/Capital, John Zelaya moved for leave to file interpleader or, alternatively, for leave to deposit funds in the court registry. (DE 297). This Court granted John Zelaya's motion, permitting him to deposit the funds sought by Zelaya/Capital, plus post-judgment interest accrued to date. (DE 321). In the meantime, and before John Zelaya's motion had been granted, the SEC filed its motion to intervene, asserting that the assignment by Tosto, and others, of the 2004 judgment against John Zelaya to Zelaya/Capital may have been a fraudulent transfer executed in order to avoid the SEC's 2002 judgment. (DE 317). The Court held a hearing on the motion to intervene and, having considered the parties' arguments and the relevant filings in this matter, and for the following reasons, hereby GRANTS the SEC's Motion to Intervene as a Matter of Right [DE 317].

2. **Requirements for Intervention**:

Under Federal Rule of Civil Procedure 24(b), once a movant establishes the following, the Court must allow intervention:

    a.    the motion to intervene is timely;

    b.    the movant has an interest that relates to the property or transaction which is the subject of the action;

    c.    the disposition of the action may impede or impair the movant's ability to protect its interest; and

    d.    the existing parties in the matter do not adequately represent the movant's interests.

---

[1] The SEC had served an Information Subpoena and Restraining Notice on Zelaya/Capital but later voluntarily withdrew it. (DE 360-2 at 2).

Loyd v. Ala. Dep't. of Corrs., 176 F.3d 1336, 1339-40 (11th Cir. 1999) (quoting Chiles v. Thornburgh, 865 F.2d 1197, 12113 (11th Cir. 1989)). Zelaya/Capital insists that there is also an additional Article III standing requirement but this is only necessary where there is no ongoing case or controversy between the original parties. E.g., Dillard v. Chilton County Comm'n, 495 F.3d 1324, 1330 (11th Cir. 2007). Zelaya/Capital argues that the underlying controversy between the parties was resolved by the Southern District of New York Court's entry of final judgment in 2004. That, however, is not the matter in which the SEC seeks to intervene. The SEC seeks to intervene in the instant action which was filed to collect on that judgment. Whether there is an ongoing case or controversy is determined at the point at which intervention sought. Id. At the time that the SEC moved to intervene in this, the above-captioned, matter, Zelaya/Capital was attempting to collect on its judgment against John Zelaya, and John Zelaya was resisting those efforts. These parties were therefore adverse to one another when the SEC sought to intervene and thus the SEC need not make a separate showing of standing. See Loyd, 176 F.3d at 1339.

      i.    Timeliness:

A determination of the timeliness of a party's motion to intervene is within the Court's discretion. FTC v. Am. Legal Distrib., 890 F.2d 363, 365 (11th Cir. 1989). Additionally, and especially in post-judgment proceedings where a court is concerned with the proper distribution of a judgment debtor's property, the timeliness analysis should be executed with flexibility. See id. (demonstrating flexibility, where the defendants' assets had been frozen during post-judgment proceedings, by finding a motion to intervene untimely with respect to some issues in a matter, but not to others); see also Georgia v. U.S Army Corps of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding that the interests of justice mandate flexibility in the determination of timeliness). That said, in making its timeliness determination, the Court has considered: (1) the length of time between when the movant knew or should have known of its interest in the case and when the movant sought to

intervene; (2) the extent of prejudice to the existing parties because of any delay in the movant's application for intervention; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) whether there are any unusual circumstances militating either for or against a finding of timeliness.  Georgia, 302 F.3d at 1259.

To an extent, the Court agrees with Zelaya/Capital's complaint that the SEC has not been as diligent in pursuing its judgment against Tosto as it reasonably should have been.  Thus, if this first factor (the length of time it has taken the SEC to act) was the only factor the Court were to consider in its analysis, the SEC's motion would have perhaps been found to be untimely.  However, when weighed against the other factors relevant to the assessment, the scales tip in favor of the SEC.  Further, the SEC eventually properly preserved its interests in any amounts owed directly to Tosto by serving John Zelaya and Zelaya/Capital with writs of garnishment and by serving John Zelaya with a restraining notice.  And while these actions may have sufficiently protected the SEC's interest in any of the collection proceeds due to Tosto directly, per the terms of the assignment agreement, it wasn't until May 21, 2010 that the SEC received notice that Zelaya/Capital and the writs of garnishment might not adequately represent the SEC's interests due to the alleged fraudulent conveyance between Tosto and Zelaya/Capital.

Secondly, with respect to any prejudice to the existing parties, the Court first notes that it appears that the SEC's involvement in this matter is likely what precipitated John Zelaya's deposit of funds into the court registry anyway.[2]  Upon being served with the SEC's Information Subpoena

---

[2] Zelaya/Capital misstates in its response to the SEC's motion to intervene that Zelaya/Capital itself "had caused Zelaya Judgment Debtors to deposit the Collection Proceeds into the Court Registry," (DE 326 at 10), and that the SEC didn't file its motion until after John Zelaya had already deposited the funds with the Court, (DE 326 at 11, 13).  This is not the case.  The SEC served John Zelaya with the Information Subpoena and Restraining Notice on May 19, 2010.  In response, on that same day, John Zelaya filed his motion for leave to deposit funds. (DE 297).  The SEC filed the instant motion to intervene on May 31, 2010, and then the Court gave John Zelaya permission to deposit the funds on June 2, 2010. (DE 321).  John Zelaya deposited the funds on June 7, 2010. (DE

and Restraining Notice with respect to Tosto's interest in the 2004 judgment against him, John Zelaya promptly sought permission from the Court to make the deposit. Now that John Zelaya's motion has been granted and the funds are in the court registry, the existing parties won't be any further prejudiced by the SEC's intervention. See id. (finding no prejudice to the existing parties caused by intervention where the court had not yet taken significant action); see also Am. Legal Distrib., 890 F.2d at 365-366 (finding no prejudice due to the intervention of a judgment creditor where the future sale and distribution of the defendant's frozen assets were at issue).

Additionally, regarding possible prejudice to the SEC, the SEC alleges that the assignment of the 2004 judgment by Tosto to Zelaya/Capital was fraudulent and it should have the opportunity to seek discovery on the matter and present its argument to a court before the funds are distributed to entities which might not validly be entitled to them. The SEC's interests would be prejudiced were this Court to deny intervention and the conveyance is indeed ultimately found to be fraudulent. On the other hand, the only prejudices to Zelaya/Capital if intervention is granted and the Court determines that there has not actually been a fraudulent conveyance are: delay in receiving the funds (25% of which, after costs and expenses are deducted, the SEC states must be directed to the SEC anyway since that is the minimum amount the parties agree is due to Tosto from amounts collected); and costs and fees incurred by reason of the SEC's allegations. Delay, however, in and of itself, is not a concern since the funds are currently protected in the court registry. Additionally, if the SEC is ultimately unable to prove its allegations of fraud, then Zelaya/Capital is free to seek fees and costs from the SEC. Thus any prejudice against Zelaya/Capital in allowing the SEC's intervention would be outweighed by the prejudice against the SEC if intervention is denied.

---

323).

Lastly, and contrary to Zelaya/Capital's insistence, the SEC is <u>not</u> seeking to relitigate issues long-ago-decided in the case that resulted in the 2004 judgment against John Zelaya. That is, the SEC is not questioning the plaintiffs' entitlement in that case to the judgment entered in their favor. Rather, the SEC is instead questioning the distribution of the proceeds of that judgment and claiming an interest therein. The circumstances and facts of this matter and of the SEC's request for intervention, on balance, militate in favor of a finding of timeliness.

      ii.     <u>SEC's Interest</u>:

Under Federal Rule of Civil Procedure 24(a)(2), the SEC is entitled to intervention as a matter of right only if it can establish that its interest in the subject matter of the action is "direct, substantial, and legally protectable." <u>Georgia</u>, 302 F.3d at 1249. Zelaya/Capital argues that the SEC's interests in this matter do not meet this standard in that its interests are indirect, contingent, and not legally protectable in the proceedings before the Court. (DE 326 at 14). The Court disagrees.

The following chain of events establish the SEC's qualifying interest in the subject matter of this action. First, the SEC won a judgment against Tosto in 2002. Then, in 2004, Tosto, and others, obtained a judgment against John Zelaya. Tosto may have assigned his interest in that judgment, whether fraudulently or not, such that John Zelaya is now the judgment debtor of Zelaya/Capital, rather than the judgment debtor of Tosto. However, under the terms of the assignment agreement, Zelaya/Capital is required to pay back to Tosto 25% of any judgment collection from John Zelaya, after costs and expenses. The SEC, in 2010, served writs of garnishment on both Zelaya/Capital and John Zelaya to enforce the penalty portion of its judgment against Tosto. The SEC has also served John Zelaya with a restraining notice, with respect to the disgorgement and prejudgment interest portion of its 2002 judgment, prohibiting him from transferring any property Tosto has an interest in except on direction from the United States Marshal or pursuant to court order. Zelaya/Capital is claiming entitlement to these same funds. This Court permitted John Zelaya to deposit these funds,

the funds claimed by both the SEC and Zelaya/Capital into the court registry. The SEC has since obtained a duly-issued writ of execution, from the Southern District of New York, for service on Tosto. (DE 357-1 at 1). The SEC alleges that Tosto's assignment to Zelaya/Capital of his interest in the 2004 judgment may have been effected to prevent the SEC from executing on its judgment against him. This chain of facts establishes the SEC's direct and substantial interest in the subject matter of this action and the ultimate disposition thereof. Further, that the subject matter of this collection action is currently sitting in the court registry, renders this Court fully able, contrary to Zelaya/Capital's assertions, to protect the SEC's interest. The Court finds therefore that the SEC has sufficiently claimed a direct, substantial, and legally protectable interest in these funds warranting its intervention in this matter.

   iii. <u>Impairment or Impediment</u>:

In order to satisfy this third showing, the SEC must establish that it is so situated that the disposition of the instant action, as a practical matter, may impede or impair its ability to protect its interest. Fed. R. Civ. Pro. 24(b). The SEC argues that it has satisfied this requirement because, once the money is disbursed, any attempts to recapture the funds will be difficult. While it's true that this might present a challenge, this potential difficulty alone is not sufficient to support a showing of impairment or impediment. <u>See</u> <u>Ordnance Container Corp. v. Sperry Rand Corp</u>, 478 F.2d 844, 845 (5th Cir. 1973) (finding that, where the movant will still maintain its right to pursue the claim, the movant must allege more than just a concern about getting its due after the existing matter is disposed of). However, and as determined in a recent case in this District, where there are allegations that a transfer from the movant's judgment debtor to an existing party in the action might have been fraudulent, the movant's ability to protect its interest may indeed be impaired if intervention is not permitted. <u>Reassure Am. Life Ins.v. Shomers</u>, 265 F.R.D. 672, 675 (S.D. Fla. 2010). Analogizing to the <u>Shomers</u> case, although the SEC could proceed in a separate action against Zelaya/Capital and

Tosto, a judgment in the instant matter, establishing that Zelaya/Capital is entitled to the proceeds of its collection efforts against John Zelaya would impede the SEC's ability to show otherwise. Id. In response to the SEC's claim of impairment, Zelaya/Capital, instead of focusing on the impairment issue, argues that its constitutional rights are being violated because it is being deprived of the use and benefits of its property without due process. Its other argument is that the SEC's collection efforts against Tosto have been dilatory. Neither argument is responsive to whether the SEC's ability to protect its interests could be impaired by the disposition of the instant action. Based on the foregoing, the Court finds that the SEC's position in this matter satisfies the potential impairment requirement.

    iv. Representation:

Finally, the SEC must also show that the existing parties to the action cannot adequately represent its interest. Fed. R. Civ. Pro. 24(b). The burden for establishing this is to be treated as minimal. Georgia, 302 F.3d at 1256 (internal quotations and citations omitted). Zelaya/Capital and the SEC claim competing interests in the same funds. While there is no argument that John Zelaya could adequately represent the SEC's interests, Zelaya/Capital claims that its objectives are aligned with those of the SEC. The Court finds this highly unlikely, if not impossible. Zelaya/Capital claims entitlement to all of John Zelaya's deposit into the court registry. The SEC claims entitlement to some, if not all, of this deposit as well. This disagreement as to the proper disposition of the funds establishes that Zelaya/Capital's ability to represent the SEC's interests "may be" inadequate. Chiles v. Thornburgh, 865 F.2d 1197, 1214 (11th Cir. 1989)(quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972)).

3. **Pleading Requirement**:

Zelaya/Capital argues that the SEC's motion to intervene must be denied because it was not "accompanied by a pleading that sets out the claim . . . for which intervention is sought." Fed. R. Civ.

Pro. 24(c). Such technical defects are disregarded in the Eleventh Circuit. See <u>Piambino v. Bailey</u>, 757 F.2d 1112, 1121 (11th Cir. 1985). From the SEC's filings in this matter, the nature of its substantive claims are clear. The SEC claims that it: is entitled to at least a portion of the amount currently deposited in the court registry by reason of its judgment against Tosto; and might be entitled to more if there was indeed a fraudulent assignment by Tosto of his interest in the 2004 judgment against John Zelaya.

4. **Conclusion**:

For the foregoing reasons, it is hereby ORDERED that he SEC's Motion to Intervene as a Matter of Right [DE 317] is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 15th day of December, 2010.

*[signature]*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE